UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22306-CIV-ALTMAN

**NATHANIEL WAUGH**,

    *Plaintiff*,

*v.*

**WARDEN A. RALPH**, *et al.*,

    *Defendants.*

_____/

**ORDER**

    The Plaintiff, Nathaniel Waugh—a *pro se* prisoner—advances a gallimaufry of state and federal claims against the Defendants. *See generally* Complaint [ECF No. 1]. Unfortunately, he's packed his lengthy Complaint with legal conclusions and included almost no facts. *See generally id.* We'll therefore **DISMISS** the Complaint *without prejudice*, both because it's a shotgun pleading and because it fails to state a plausible claim to relief.[1]

---

[1] The Plaintiff listed a fellow inmate, Ben Hughes, as co-plaintiff in this case. *See* Complaint at 2. Mr. Hughes, though, appears not to have signed the Complaint under penalty of perjury. *See generally id.* Since Mr. Hughes hasn't signed the pleading, he's not a proper party in this action. *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or *by a party personally* if the party is unrepresented." (emphasis added)); S.D. FLA. L.R. 88.2 (requiring *pro se* civil rights complaints to be "signed under penalty of perjury by [the litigant] or by a person authorized to sign it" on his behalf). Nor does our Plaintiff come with any authority to represent—or file for—Mr. Hughes. *See* 28 U.S.C. § 1654 ("Parties may plead and conduct their own cases personally or by counsel[.]"); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2018) ("Section 1654, Title 28 . . . appears to provide a personal right that does not extend to the representation of the interests of others."); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) ("Johnson cannot bring an action on behalf of his fellow orthodox Muslim inmates."). Because Mr. Hughes did not bring this action himself—and because the Plaintiff isn't qualified to represent him—any claims raised on Mr. Hughes's behalf must be **DISMISSED**. Of course, Mr. Hughes can always file a separate action on his own behalf. For now, though, the Clerk's Office is **INSTRUCTED** to terminate Mr. Hughes from this case.

## THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The term "prisoner" includes "any person incarcerated or detained in any facility who is . . . convicted of . . . violations of criminal law." § 1915A(c). In screening a prisoner's complaint, the Court must "dismiss the complaint[ ] or any portion of the complaint" when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—that is, the complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient (standing alone) to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

## ANALYSIS

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, that leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011). Nor does that leniency permit *pro se* plaintiffs to submit "shotgun" pleadings. *See, e.g.*, *Weil v. Phillips*, 816 F. App'x 339, 340 (11th Cir. 2020) ("We conclude, as the district court did, that [the *pro se* litigant's] complaint failed to state a claim because it was a shotgun pleading."); *Toth v. Antonacci*, 788 F. App'x 688, 691

(11th Cir. 2019) ("We agree with the district court that [the *pro se* prisoner's] amended complaint is an impermissible shotgun pleading.").

The Eleventh Circuit has identified four general categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings."). "The most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second kind of shotgun pleading "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has condemned shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). To put it bluntly, shotgun pleadings are "a massive waste of judicial and private resources[.]" *Id.* (cleaned up) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)).

The Plaintiff's Complaint qualifies as a shotgun pleading under three of these four general categories, because (1) it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (2) it fails to "separat[e] into a different count each cause

3

of action or claim for relief"; and (3) it advances "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. We'll address each deficiency in turn.

*First*, the Plaintiff cites a long litany of federal and state laws in support of his claims. *See* Complaint at 3 ("Act of congress 1789 united states Constitution Art I, § 8, paragraph 18, Civil Rights Act of 1871. Family Education Rights and privacy Act of 1974. Sentencing Reform Act of 1984. Florida Administrative codes Rule making Authority 944.09 F.S., 837.02(1), 18 U.S.C. 1001, Notice of Jury 6th Amend, cruel and unusual punishment 8th Amend, Due process 14th Amend." (errors in original)). But none of the Complaint's many allegations even tangentially implicates any of these provisions—an incongruity that renders the Complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (cleaned up).

*Second*, the Complaint fails to separate the Plaintiff's various, unrelated causes of action into separate counts. *See, e.g.*, Complaint at 44 ("Nathaniel Waugh raise significant genuine issue material facts illustrates the report should refer to that under 14th Amendment as the 'only material change from existing law' in accordance standard policy and procedure" (errors in original)); *id.* at 47 ("It was not until 1911, 120 years after the adoption of our Bill of Rights, that the rule the Government argues for was finally adopted in England not by Judicial decision but by Act of Parliament."); *id.* at 55 ("Assuming 'penalty enhancement' meant to be synonymous with 'sentencing factor' the legislative history contains contrary indications in statements made by 1996 amendments . . . if Gaudin is indeed applicable to perjury prosecution under Florida law some attention needs to be given to this matter by Florida Supreme Court."). These allegations are admittedly unintelligible. But to the extent that each attempts to advance a distinct claim, the Complaint—which apparently contains no counts—

fails to "separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23.

*Third*, the Plaintiff identifies "A. Ralph. AWP.," "Sgt. W. Butler," "Mark S. Inch," "Russel, Cynthia W," "Jackowski, Christopher," "McClellan, Jeffrey," "Herring M.D.," and "Dept of Corrections" as Defendants—liable here (the Plaintiff insists) in both their individual and official capacities. *See* Complaint at 1. But the Complaint never "specif[ies] which of the defendants are responsible" for the particular "acts or omissions, or which of the defendants [a] claim is brought against." *Weiland*, 792 F.3d at 1323.[2]

Shotgun problems aside,[3] the Complaint also fails to state a viable claim to relief. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] The Plaintiff does appear to advance an excessive-force claim against Sergeant Butler. *See* Complaint at 41 ("Sergeant L. Butler alleged the use of chemical agents question of fact in the light whether force was applied maliciously and sadistically for purpose of causing injury. Reference 33-602-210 under Administrative procedure Act in accordance standard policy and procedure or otherwise law . . . . Defendant is responsible for unecessary and wanton infliction of damages under 8th amend." (errors in original)). But this allegation doesn't save him. For one thing, it presses only "conclusory, vague, and immaterial facts not obviously connected to [any] particular cause of action." *Barmapov*, 986 F.3d at 1325 (cleaned up). So, for instance: What did Butler do that constituted excessive force? Why did he do it? How long did he do it for? And what injury resulted from the doing of it? We don't know any of the answers to these questions because the Plaintiff never deigns to tell us. In any event—and as we discuss more fully below—even if this allegation weren't impermissibly vague and conclusory, it would nevertheless fail to state a plausible claim to relief.

[3] We hasten to add that these aren't the Complaint's *only* problems. Far from it: in fact, in each of its 100-plus pages, the Complaint lobs vague, unintelligible, conclusory allegations that are the hallmark of a shotgun pleading. To identify them all would have required a screening order of 100 pages (or more). It's not the Court's job to help the Plaintiff re-write his Complaint properly. The Plaintiff should go through his Complaint and make sure that, in each sentence and count, he's (1) correctly identifying the liable party, (2) fully explaining (with facts, not legal conclusions) what that party did wrong, and (3) properly including that party as a defendant in the case.

5

The Plaintiff, in other words, must allege that (1) a person; (2) acting under color of state law; (3) violated his constitutional rights.

As we've suggested, however, the Plaintiff's 100-plus-page Complaint presents *mostly* legal conclusions, which are not entitled to any presumption of truth. *See Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."). We say *mostly* because, after an exhaustive review of the Complaint, we have identified three (and only three) isolated instances in which the Plaintiff advances factual assertions, rather than legal conclusions. Even these, though, fail to assert a plausible claim. In the first such example, the Plaintiff avers that he reported "chest pains" to prison officials in June 2017 and did not see medical officials within the prison for "10-15 minutes"—a violation (he says) of the prison's internal "medical emergency procedures." Complaint at 5. But the Plaintiff never identifies the defendant who should be liable for this delay, and there's nothing else in the Complaint from which the Court might infer that the *named* Defendants were responsible for this misfeasance. *See generally id.* The Plaintiff, in short, hasn't articulated a viable claim to relief on this issue. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *cf. Lomax v. Cap. Rental Agency, Inc.*, 427 F. App'x 713, 714 (11th Cir. 2011) ("Although we show leniency to *pro se* litigants, we will not serve as *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

In the second such instance, the Plaintiff complains about a prison official's refusal (in 2016) to enroll him in certain educational programs. *See* Complaint at 38. Here, the Plaintiff concedes that he "did have [a] verbal encounter" with the official but maintains that the official "threaten[ed] to confine" him. *Id.* To support this claim, the Plaintiff invokes the "14th Amendment[']s" Due Process

Clause. *Id.* Again, though, the Plaintiff fails to state a plausible claim to relief because prisoners have no valid due process interest in a prison's rehabilitative programs.[4] *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (explaining that "no due process protections [are] required . . . [for] prisoner classification and eligibility for rehabilitative programs"); *Smith v. Governor for Ala.*, 562 F. App'x 806, 817 (11th Cir. 2014) ("Prison inmates do not have a liberty interest in discretionary programs."); *Solliday v. Fed. Officers*, 413 F. App'x 206, 210 (11th Cir. 2011) ("[A]n inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before.").

*Third*, as we've noted, the Plaintiff takes a stab at advancing an excessive-force claim against Sergeant Butler. *See* Complaint at 41 (alleging that Butler "appl[ied force] maliciously and sadistically for [the] purpose of causing injury"). This claim is premised on Butler's supposed use of "chemical agents" to subdue the Plaintiff. *Id.* But the Plaintiff doesn't tell us anything else about the incident. He doesn't, for example, tell us why Butler deployed the chemical agent, what kind of chemical agent he used, or for how long. Without answers to these questions, his allegations are simply insufficient to state a claim. *See, e.g., Moore v. Hunter*, 847 F. App'x 694, 698 (11th Cir. 2021) ("The undisputed facts do not raise an inference that Hunter acted wantonly in spraying Moore with chemical agents."); *Williams v. Rickman*, 759 F. App'x 849, 851 (11th Cir. 2019) ("Correctional officers in a prison setting can use pepper spray on an inmate, but there must be a valid penological reason for such a use of force."); *cf. Michel*, 816 F.3d at 694 ("A claim has facial plausibility when the plaintiff pleads factual

---

[4] The Plaintiff (notably) never converts these allegations into a First Amendment retaliation claim—never suggests, in other words, that the official threatened him with confinement *as retaliation for* his application to the rehabilitation program. *Cf. Thompson v. Hall*, 426 F. App'x 855, 859 (11th Cir. 2011) (requiring "a causal connection between the retaliatory actions and the adverse effect on speech" (cleaned up)). Even if he had, however, his Complaint would (as we've explained) still be dismissed as a shotgun pleading.

7

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

\*\*\*

Having carefully reviewed the Complaint, the record, and the governing law, the Court hereby **ORDERS and ADJUDGES** that the Complaint [ECF No. 1] is **DISMISSED without prejudice**. Any pending motions are **DENIED** as moot. All deadlines are **TERMINATED**. And the Clerk is instructed to **CLOSE** this case.

One more thing. The Plaintiff may, if he wishes, move to reopen this case by submitting an amended complaint within 30 days of this Order (that is, by **August 15, 2021**). That amended complaint **shall not exceed 20 pages in length** and must comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and this Order. The Plaintiff's failure to adhere to these instructions shall result in a dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of July 2021.



_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Nathaniel Waugh
      G09527
      Florida State Prison
      Inmate Mail/Parcels
      7819 NW 228th Street
      Raiford, FL 32026
      PRO SE[5]

---

[5] The Clerk's Office **SHALL NOT** mail this Order to Mr. Hughes because, as we've said, he is *not* a party in this case.